Filed 10/14/24 Bobkoff v. Dewey CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| JOHN BOBKOFF,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURA DEWEY,<br><br>    Defendant and Appellant. | 2d Civ. No. B327917<br>(Super. Ct. No. 23CV00256)<br>(Santa Barbara County) |
| WILLIAM CROPLEY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURA DEWEY,<br><br>    Defendant and Appellant. | 2d Civ. No. B327919<br>(Super. Ct. No. 23CV00254)<br>(Santa Barbara County) |

| | |
|---|---|
| DENNIS BERGER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURA DEWEY,<br><br>    Defendant and Appellant. | 2d Civ. No. B327944<br>(Super. Ct. No. 23CV00264)<br>(Santa Barbara County) |
| JUDITH HUGHES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURA DEWEY,<br><br>    Defendant and Appellant. | 2d Civ. No. B328595<br>(Super. Ct. No. 23CV00251)<br>(Santa Barbara County) |

Laura G. Dewey (appellant) appeals from the judgment after the trial court granted the requests of John J. Bobkoff, William D. Cropley III, Dennis L. Berger, and Judith Hughes for restraining orders pursuant to the Elder Abuse and Dependent Adult Civil Protection Act (Act). (Welf. & Inst. Code,[1] § 15600 et seq.) We will affirm.

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

## FACTUAL AND PROCEDURAL HISTORY

Appellant and respondents live at the Friendship Manor retirement community in Goleta.  They range in age from 67 to 86.  Residents of Friendship Manor live in separate rooms but eat and socialize in the facility's dining room and common areas.

Respondents requested restraining orders in January of 2023.  Their declarations described appellant abusing them verbally and physically by, among other things:  trying to ram them with her mobility scooter; waiving her cane at them; falsely accusing them of battery and theft; calling them obscene names and racial epithets; filming them with her cell phone without permission; and using her professional training to intimidate them by saying things like "go ahead and sue me I'm a lawyer."  They also describe being frightened by her acts toward others, such as using her cane to knock down bicyclists and to strike the cars of those stopping to pick up family members in front of Friendship Manor.

The trial court heard evidence over two days in February of 2023.  It admitted the parties' supporting and responsive declarations subject to cross-examination of the declarants.  It declined to admit declarations of those who were not present in court.  Each respondent testified in a narrative manner and answered questions on cross-examination by appellant.  Friendship Manor's food service manager, a dining room employee, and three residents testified about incidents they witnessed in the dining room.  Appellant then testified and also answered questions on cross-examination from each respondent.

The trial court granted respondents' requests and issued three-year restraining orders against appellant.  It found respondents' testimony "very credible" and described their

evidence of abuse and emotional harm as "preponderating; indeed, it was even, clear, and convincing." It described appellant's testimony as follows: "She was not credible; her testimony was not persuasive; it was argumentative; combative; the Court can see where the Persons Seeking Protection were intimidated; harassed; abused." The court found "[t]he evidence against [appellant] was overwhelming; it was very persuasive; very credible; believable."

We consolidated the appeals of each restraining order for argument and decision.

## DISCUSSION

We review protective orders issued under the Act for abuse of discretion and factual findings supporting the order for substantial evidence. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137.) "[W]e will only find an abuse of discretion when the trial court exceeds the bounds of reason or disregards the uncontradicted evidence." (*Id*. at pp. 1140.) We resolve all conflicts in the evidence in favor of the prevailing party and construe all legitimate and reasonable inferences in favor of upholding the trial court's findings. (*Id*. at pp. 1137-1138.)

### *Evidentiary Contentions*

Appellant contends the trial court erred by allowing respondents to testify in a narrative manner and by admitting extensive hearsay evidence. She did not raise the former issue below. The argument is forfeited. (Evid. Code, § 353, subd. (a).) Even if it were not, appellant cannot demonstrate prejudice. She testified in the narrative as well. The court tolerated appellant's own forays into hearsay and ruled promptly on her oral objections. We presume the court considered only relevant and admissible evidence. (*Id*., § 664.)

4

*Elder Abuse Act Contentions*

Appellant cites the Act's preamble sections as showing the Legislature intended it to protect the safety of elders, not "to resolve disputes between neighbors who happen to be elderly." (§§ 15600, 15601.)  We disagree.  Nothing in the Act prohibits trial courts from issuing protective orders *against* elderly or dependent adults who violate its provisions.

Elder abuse includes "[p]hysical abuse, neglect, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." (§ 15610.07, subd. (a)(1).)  "'Mental suffering' means fear, agitation, confusion, severe depression, or other forms of serious emotional distress that is brought about by forms of intimidating behavior, threats, harassment, or by deceptive acts performed or false or misleading statements made with malicious intent to agitate, confuse, frighten, or cause severe depression or serious emotional distress of the elder or dependent adult."  (§ 15610.53.) Courts may issue an order to restrain "any person" it finds abused the petitioning party.  (§ 15657.03, subd. (c).)

Here, appellant and respondents supplemented their declarations with more than eight hours of live testimony about the events at Friendship Manor.  Their accounts conflicted, often fundamentally.  The trial court's conclusion that each respondent had "clearly . . . been emotionally harmed by the actions of [appellant]" was based on its weighing of this evidence.  "[T]he trial court was in the best position to evaluate credibility and to resolve factual disputes, and our review of the record reveals sufficient evidence to conclude that the court's order was not an abuse of discretion."  (*In re Marriage of Evilsizor & Sweeney* (2015) 237 Cal.App.4th 1416, 1426-1427.)

5

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



GILBERT, P. J.



YEGAN, J.

6

Thomas P. Anderle, Judge
Superior Court County of Santa Barbara

_____

Laura G. Dewey, in pro. per., for Defendant and Appellant.
No appearances for Plaintiffs and Respondents.